**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GODELEVO PINEDA-ALVAREZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:15-CR-0334-WSD-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-2421-WSD-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Godelevo Pineda-Alvarez's <u>pro se</u> motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 14], and the government's response, [Doc. 21]. For the reasons that follow, the undersigned **RECOMMENDS** that Pineda-Alvarez's § 2255 motion be **DENIED**.

## I. PROCEDURAL HISTORY

Pineda-Alvarez entered a negotiated guilty plea to one count of conspiracy to possess with the intent to distribute methamphetamine. [Docs. 1, 5-1, 8]. The plea agreement set forth the parties' agreement to jointly recommend that Pineda-Alvarez receive a minor participant downward adjustment, but not a minimal participant

downward adjustment.  [Doc. 5-1 at 6].  The plea agreement also included a limited

waiver of appeal, which provides that Pineda-Alvarez

> voluntarily and expressly waives the right to appeal his conviction and
> sentence and the right to collaterally attack his conviction and sentence
> in any post-conviction proceeding (including, but not limited to, motions
> filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Pineda-
> Alvarez] may file a direct appeal of an upward departure or upward
> variance above the sentencing guideline range as calculated by the
> district court.  Claims that [Pineda-Alvarez's] counsel rendered
> constitutionally ineffective assistance are excepted from this waiver.

[Id. at 10-11].  This provision of the plea agreement further states that Pineda-Alvarez

may file a cross appeal if the government appeals the sentence.  [Id. at 11].  Pineda-

Alvarez signed the plea agreement and a separate certification section, which states

in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will
> prevent me, with the narrow exceptions stated, from appealing my
> conviction and sentence or challenging my conviction and sentence in
> any post-conviction proceeding.  No one has threatened or forced me to
> plead guilty, and no promises or inducements have been made to me
> other than those discussed in the Plea Agreement.

[Id. at 12-13].

At his guilty plea hearing, Pineda-Alvarez was placed under oath and confirmed

that he had signed the plea agreement.  [Doc. 8 at 3, 40].  The Court explained to

Pineda-Alvarez the rights he was giving up by pleading guilty, and Pineda-Alvarez

stated that he understood and was willing to give up those rights.  [Id. at 4-12].  The prosecutor summarized the terms of the plea agreement, including the parties' agreement regarding sentencing recommendations and the appeal waiver, and Pineda-Alvarez confirmed that the prosecutor's summary accurately described the terms of his agreement with the government.  [Id. at 13-18].  Pineda-Alvarez acknowledged that no one had threatened or forced him to plead guilty and that no one had promised him anything not contained in the plea agreement.  [Id. at 18-19].  Pineda-Alvarez confirmed that he understood the elements of the charge against him.  [Id. at 24-25].  Pineda-Alvarez also understood that he faced a maximum sentence of twenty years of imprisonment.  [Id. at 25-26].

The Court then explained that it would take into account the United States Sentencing Guidelines and that it could impose a sentence above or below the guideline range.  [Id. at 28-31].  The Court further reviewed the terms of the appeal waiver, and Pineda-Alvarez agreed that he understood the effect of the appeal waiver. [Id. at 32-33].  The Court also explained that it was not bound by the government's sentencing recommendations.  [Id. at 36].

Pineda-Alvarez agreed with the following summary of what the evidence would show if the case went to trial:

3

. . . [O]n May 29th of 2014, [Pineda-Alvarez] arrived at a Travelodge Motel in the Northern District of Georgia as a passenger of a Chevy Equinox[, which] was driven by Jose Vega-Cervantes.

They arrived at the motel to accept delivery of a truck containing fifteen gallons of methamphetamine hidden in a false gas tank. That fifteen gallons of methamphetamine is the equivalent of approximately 27 kilograms of solid methamphetamine.

. . . [Pineda-Alvarez] and Mr. Vega-Cervantes . . . paid the driver of the methamphetamine truck one thousand dollars for her services[ and] then arranged to tow the methamphetamine-laden truck to a nearby auto shop.

[Id. at 37-39]. Pineda-Alvarez further admitted that he was guilty as charged because he and Vega-Cervantes had agreed to take possession of the truck knowing that it contained methamphetamine and that it was illegal to do so. [Id. at 38-39]. The Court accepted Pineda-Alvarez's plea. [Id. at 41-42].

At the sentencing hearing, the Court determined that Pineda-Alvarez's guideline range was seventy-eight to ninety-seven months of imprisonment. [Doc. 17 at 3]. Although defense counsel argued that Pineda-Alvarez should receive a sixty-month sentence, counsel also conceded "that a sentence of 78 months perhaps is not outside the realm of reason as well" and ultimately asked "the Court to impose a sentence of 78 months or less." [Id. at 8, 14]. Noting that the Court had found that Pineda-Alvarez's role in the offense was minor, the government recommended a sentence at

4

the low end of the guideline range.  [Id. at 9, 12].  The Court imposed a sentence of seventy-eight months of imprisonment.  [Id. at 17; Doc. 11].

Pineda-Alvarez timely filed this § 2255 motion, arguing that "he should be held responsible for a lesser charge and receive a lesser sentence" because he "played only a minor participation in the seizure" and further that both his attorney and the government recommended a sentence of sixty months of imprisonment.[1]  [Doc. 14 at 15].  The government responds that Pineda-Alvarez's ground for relief is barred by his valid appeal waiver, procedurally defaulted because he did not file a direct appeal, not cognizable on collateral review, and further lacks merit.  [Doc. 21 at 3-11].

## II. DISCUSSION

A.   **Waiver**

"An appeal waiver is valid if a defendant enters into it knowingly and voluntarily."  United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006) (citation omitted).  Accordingly,

> for a sentence-appeal waiver to be enforceable, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea]

_____

[1] However, as explained in the preceding paragraph, this assertion is incorrect. See [Doc. 17 at 12, 14].

5

colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."

Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues–indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999).

At the plea hearing, the Court specifically questioned Pineda-Alvarez about the appeal waiver, and it is clear that Pineda-Alvarez understood the full significance of the waiver.  [Doc. 8 at 32-33].  Thus, the undersigned finds that Pineda-Alvarez knowingly and voluntarily waived his right to appeal his conviction and sentence and to pursue any other collateral post-conviction relief.  The only exceptions to this waiver, i.e., a government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not apply here.  Therefore, Pineda-Alvarez's sole ground for relief is barred by his valid appeal waiver.  Williams, 396 F.3d at 1341; Howle, 166 F.3d at 1169.

## B.  **Procedural Default**

A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the

default and actual prejudice or (2) a showing of actual innocence.  McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).  "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel.  Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam).  A movant may also establish cause for the procedural default if he can show "that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted).  If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Reece, 119 F.3d at 1467 (citation omitted).

To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence."  McKay, 657 F.3d at 1196 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)).  "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong

that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1936 (2013) (citing <u>Schlup</u>, 513 U.S. at 316).

Pineda-Alvarez did not file a direct appeal and has not alleged that an objective factor external to the defense prevented him or his counsel from doing so or that the failure to file a direct appeal was the result of ineffective assistance of counsel.  <u>See Lynn</u>, 365 F.3d at 1235; <u>Reece</u>, 119 F.3d at 1465.  Moreover, Pineda-Alvarez does not assert that he is actually innocent.  Accordingly, Pineda-Alvarez is not entitled to relief under § 2255.

## C.  <u>Authority to Consider Merits</u>

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." <u>Spencer v. United States</u>, 773 F.3d 1132, 1138 (11th Cir. 2014), <u>cert. denied</u>, 135 S. Ct. 2836 (2015).  "Sentencing errors are generally not cognizable in a collateral attack unless the error complained of resulted in a complete miscarriage of justice." <u>Scarboro v. United States</u>, Nos. 11-61964-Civ-COHN (JORDAN), (10-600040-Cr-JORDAN), 2012 WL 5271726, at *12 (S.D. Fla. Sept. 17, 2012) (citation omitted), <u>report and recommendation adopted</u>, 2012 WL 5271716, at *2 (S.D. Fla. Oct. 24, 2012).  Here, Pineda-Alvarez argues that the should be held responsible for

8

a lesser charge and receive a lesser sentence.  [Doc. 14 at 15].  He does not contend that he has suffered a complete miscarriage of justice.  Furthermore, Pineda-Alvarez's seventy-eight month sentence is well below the twenty-year statutory maximum.  Accordingly, Pineda-Alvarez's challenge to his sentence is not cognizable in this § 2255 motion.  See Jacobs v. United States, Nos. CV416-216, CR414-343, 2016 WL 4183312, at *1-2 (S.D. Ga. Aug. 5, 2016) (concluding that movant's claim regarding the court's failure to apply a minor role adjustment at sentencing was not cognizable under § 2255), report and recommendation adopted, 2016 WL 4487874, at *1 (S.D. Ga. Aug. 24, 2016); United States v. Appling, 615 F. Supp. 387, 389 (S.D. Ga. 1985) ("A sentence within the statutory time limits is not assailable on grounds of severity or that codefendants were treated more leniently.").

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28

states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Because Pineda-Alvarez cannot show that reasonable jurists could debate that his ground for relief is barred by his valid appeal waiver, procedurally defaulted, and not cognizable in a collateral attack, he should be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Pineda-Alvarez's § 2255 motion, [Doc. 14], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 23rd day of NOVEMBER, 2016.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

10