**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **GODELEVO PINEDA-ALVAREZ,** | |
| Movant, | 1:15-cr-334-WSD |
| v. | 1:16-cv-2421-WSD |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [23] ("R&R"). The R&R recommends the Court deny Movant Godelevo Pineda-Alvarez's ("Movant") 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence [14] ("Section 2255 Motion"). Also before the Court are Movant's Objections to the R&R [29].

**I.  BACKGROUND**[1]

Movant entered a negotiated guilty plea to one count of conspiracy to possess with the intent to distribute methamphetamine. ([1], [5.1], [8]). The plea

---

[1]  The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

agreement set forth the parties' agreement to jointly recommend that Movant receive a minor participant downward adjustment, but not a minimal participant downward adjustment. ([5.1] at 6). The plea agreement also included a limited waiver of appeal, which provides that Movant:

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court. Claims that [Movant's] counsel rendered constitutionally ineffective assistance are excepted from this waiver.

(Id. at 10-11). This provision of the plea agreement further states that Movant may file a cross appeal if the government appeals the sentence. (Id. at 11). Movant signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(Id. at 12-13).

At his guilty plea hearing, Movant was placed under oath and confirmed that he had signed the plea agreement. ([8] at 3, 40). The Court explained to Movant

the rights he was giving up by pleading guilty, and Movant stated that he understood and was willing to give up those rights. (Id. at 4-12). The prosecutor summarized the terms of the plea agreement, including the parties' agreement regarding sentencing recommendations and the appeal waiver, and Movant confirmed that the prosecutor's summary accurately described the terms of his agreement with the government. (Id. at 13-18). Movant acknowledged that no one had threatened or forced him to plead guilty and that no one had promised him anything not contained in the plea agreement. (Id. at 18-19). Movant confirmed that he understood the elements of the charge against him. (Id. at 24-25). Movant also understood that he faced a maximum sentence of twenty years of imprisonment. (Id. at 25-26).

The Court then explained that it would take into account the United States Sentencing Guidelines and that it could impose a sentence above or below the guideline range. (Id. at 28-31). The Court further reviewed the terms of the appeal waiver, and Movant agreed that he understood the effect of the appeal waiver, including the limitations on his right to appeal his sentence only if the Court imposed a sentence greater than the Court's guideline findings, if the Government appealed the sentence, or if he was provided ineffective assistance of counsel, none

of which are claimed in this action.  (Id. at 32-33).  The Court also explained that it was not bound by the government's sentencing recommendations.  (Id. at 36).

Movant agreed with the following summary of what the evidence would show if the case went to trial:

> . . . [O]n May 29 of 2014, [Movant] arrived at a Travelodge Motel in the Northern District of Georgia as a passenger of a Chevy Equinox . . . driven by Jose Vega-Cervantes.
>
> They arrived at the motel to accept delivery of a truck containing fifteen gallons of methamphetamine hidden in a false gas tank.  That fifteen gallons of methamphetamine is the equivalent of approximately 27 kilograms of solid methamphetamine.
>
>  . . . [Movant] and Mr. Vega-Cervantes . . . paid the driver of the methamphetamine truck one thousand dollars for her services[ and] then arranged to tow the methamphetamine-laden truck to a nearby auto shop.

(Id. at 37-39).  Movant further admitted that he was guilty as charged because he and Vega-Cervantes had agreed to take possession of the truck knowing that it contained methamphetamine and that it was illegal to do so.  (Id. at 38-39).  The Court accepted Movant's plea.  (Id. at 41-42).

At the sentencing hearing, the Court determined that Movant's guideline range was seventy-eight to ninety-seven months of imprisonment.  ([17] at 3). Defense counsel argued that Movant should receive a sixty-month sentence, but conceded "that a sentence of 78 months perhaps is not outside the realm of reason

4

as well" and ultimately asked "the Court to impose a sentence of 78 months or less." (Id. at 8, 14). Noting that the Court had found that Movant's role in the offense was minor, the government recommended a sentence at the low end of the guideline range, or seventy-eight (78) months. (Id. at 9, 12). The Court imposed a sentence of seventy-eight months of imprisonment. (Id. at 17; Doc. 11).

Movant timely filed his Section 2255 Motion, arguing that "he should be held responsible for a lesser charge and receive a lesser sentence" because he "played only a minor participation in the seizure" and that both his attorney and the government recommended a sentence of sixty months of imprisonment. ([14] at 15). The government argues that Movant's ground for relief is barred by his valid appeal waiver, procedurally defaulted because he did not file a direct appeal, not cognizable on collateral review, and lacks merit. ([21] at 3-11).

On November 23, 2016, the Magistrate Judge issued his R&R. The Magistrate Judge determined that Movant's sole ground for relief is barred by his valid appeal waiver. He further determined that Movant is not entitled to relief under Section 2255 because he procedurally defaulted on his claims. The Magistrate Judge also found that Movant's challenge to his sentence is not cognizable under Section 2255. The Magistrate Judge recommends the Court deny Movant's Section 2255 Motion, and that a certificate of appealability be denied.

On January 11, 2017, Movant filed his Objections.  Movant argues that his claim attacks the validity of the plea agreement, and thus is not foreclosed by his appeal waiver.  He claims the government breached the plea agreement by failing to recommend sixty months of imprisonment.  Confusingly, he also claims that, "[h]ere, there's no doubt that the government recommended a sentence of sixty months . . . ."  (Obj. at 3).

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.   Analysis

1.   Appeal Waiver

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). The appeal waiver states that "[n]o one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement." ([5.1] at 12-13). The Government agreed to recommend Movant receive a minor participant downward adjustment pursuant to Section 3B1.2(b), a two-level adjustment for acceptance of responsibility as well as an additional one-level adjustment because the offense is higher than 16, and to recommend that the Movant be sentenced at the low end of the adjusted guideline range. (Id. at 6-8). These agreements were reiterated at the plea hearing. ([8] at 15-16). At the plea hearing the Court questioned Movant about the appeal waiver, and it was clear that Movant understood the full significance of the waiver. (See id. at 32-34). The only exceptions to the waiver, a government appeal or a sentence that exceeds the guideline range, do not apply here. That Movant now argues that the Government failed to recommend a sentence of sixty months is irrelevant, because Movant agreed to his sentence-appeal waiver knowingly and voluntarily. Movant's Objections are overruled.

### 2. Procedural Default

Even if Movant's sentence-appeal waiver did not bar his claims, he has procedurally defaulted them. Movant does not object to the Magistrate Judge's finding that he procedurally defaulted on his Section 2255 claim, and the Court reviews this determination for plain error. See Slay, 714 F.2d at 1095.

Federal courts have consistently held that a collateral challenge to a federal conviction and sentence "may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). "[O]nce a defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Id. at 166. A movant must assert all available challenges on direct appeal. See Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). If an available challenge to a federal criminal conviction or sentence is not asserted on direct appeal, those claims will be considered procedurally defaulted in a § 2255 proceeding. Id. A Section 2255 movant can avoid a procedural bar of the claim by demonstrating one of two exceptions to the general procedural default rule. Lynn,

365 F.3d at 1234.  The movant must establish "cause for not raising the claim of error on direct appeal <u>and</u> actual prejudice resulting from the alleged error."  <u>Id.</u>  "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct."  <u>Id.</u> at 1235.  The court also may excuse the failure to show cause for a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent" and thus would result in a fundamental miscarriage of justice absent review.  <u>Id.</u> at 1234-35 (internal quotation and citation omitted).

     The Magistrate Judge found that (1) Movant did not file a direct appeal, (2) he has not alleged that an objective factor external to the defense prevented him or his counsel from doing so, (3) Movant has not alleged that the failure to file a direct appeal was the result of ineffective assistance of counsel, and (4) he does not claim he is actually innocent.  The Magistrate Judge determined that Movant procedurally defaulted his claims.  Accordingly, the Magistrate Judge recommends the Court deny Movant's Section 2255 Motion, and that a certificate of appealability be denied.  The Court finds no plain error in these findings or recommendation.  <u>See</u> <u>Slay</u>, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [23] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Objections [29] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence [14] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 24th day of February, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE